RECV.

07 SEP '11 14:50 USDC-ORP

**David B. Shannon, OSB No. 04413**
david.tslaw@gmail.com
**TODD & SHANNON**
516 SE Morrison, Suite 1000
Portland, Oregon 97214
Telephone: (503) 232-2600
Facsimile: (503) 232-2609

Attorneys for Plaintiff Brian Call

FILED 7 SEP '11 16:50 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRIAN CALL,

      Plaintiff,

v.

JILL HOLT, an Individual resident
of California, dba NYA STAR KENNELS
and KELLYN MILLER, an Individual
resident of California, dba NYA STAR
KENNELS

      Defendants.

Civil Case No. CV '11 1077-MO

TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW
CAUSE WHY PRELIMINARY
INJUNCTION SHOULD NOT
ENTER

THIS CASE: This matter has come before the court on Plaintiff's ex-parte Motion for a Temporary Restraining Order and Order to Show Cause.

Based on the record, including the Complaint and exhibits and documents attached thereto, Plaintiff's Motion and supporting documents, the Court finds as follows:

Page 1   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

1. If Defendants are not immediately restrained from any transfer, change of custody or movement from their present location at 38253 Fischer Road, Anza, CA 92539 of the following dogs: (1) "Immermoed X-Fire" or "Indy;" (2) "Immermoed You To" or, "Kiara" and; (3) Kiara's 10 puppies recently born -for a total of 12 dogs, plaintiff will suffer immediate and irreparable injury. These dogs are identified in Defendants' website and through other exhibits attached to Plaintiff's Memorandum in Support of this Motion.

2. The 10 puppies are currently advertized on Defendants' website for sale. Such sale would be to bona fide purchases and eliminate Plaintiff's ability to recover them.

3. Any transfer, sale or change in location of Indy and Kiara would irreparably harm Plaintiff because he could not replace these dogs readily and because they are unique and invaluable both in terms of Plaintiff and his Family's emotional attachment (with respect to Indy) and what they represent to Plaintiff's dog breeding kennel.

4. The injury to plaintiff is irreparable because Indy's value, training and demeanor stand to diminish in Defendants' custody and, in any case, the loss of these dogs to a bona fide purchaser would deprive Plaintiff of any remedy at law because the dogs could not then be recovered.

6. Plaintiff's lawyer made reasonable efforts to notify defendants of the motion, as follows: by providing copies of the summons, complaint, motion, supporting documents and form of Order to the Defendants by e-mail (rosewynd@attn.net and kellyn@nyastar.com) on September 6, 2011; by sending notice of those emails to each Defendant's "Facebook" page as well as contacting both Defendants by telephone to arrange for delivery of the

aforementioned documents, as set forth by the representation of counsel in the Motion herein.

5.  The plaintiff has articulated a reasonable fear that the defendants could dispose of the aforementioned dogs in an expedient fashion, thus rendering the claim for Replevin set forth in the Complaint moot, and forever preventing the plaintiff from recovering the dogs.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

Defendants, JILL HOLT, dba NYA STAR KENNELS and KELLYN MILLER, dba NYA STAR KENNELS, and their officers, agents, servants, employees, and lawyers, and all other persons in active concern or participation with any of them who receive actual notice of this order, by personal service or otherwise, are directed not to and are immediately restrained from effecting the movement from their present location at 38253 Fischer Road, Anza, CA 92539, transferring, alienating, or losing of custody or control of the dogs described in paragraph 1. above, without an order authorizing same issued by this court.

**IT IS FURTHER ORDERED:**

Defendants shall appear before this court on Tuesday Sept. 13, 2011 at 2:00 P.M. in Court Room 16, United States Federal Courthouse, 1000 SW Third Ave., Portland, Oregon, 97204, and show cause, if any there be, why the activity described above should not continue to be restrained during the pendency of this action.

This order shall expire at the date and time stated in the preceding paragraph, unless extended by further order of this court.

Page 3  TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

This order shall be effective only upon the posting of a qualified bond or other security in conformance with FRCP 65(c) in the sum of $_____.

**DONE AND ORDERED** in chambers at Portland, Oregon.

DATED: ___9/7___, 2011

TIME: ___4:47___. a.m/(p.m)

_____
JUDGE

PREPARED BY:

David B. Shannon, OSB No. 04413
for Todd & Shannon, LP
Attorneys for Plaintiff Brian Call

Page 4    TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
PRELIMINARY INJUNCTION SHOULD NOT ENTER